UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marc Amouri Bakambia,                          File No. 25-cv-461 (ECT/EMB)

      Plaintiff,

v.                                             **ORDER ACCEPTING REPORT**
                                               **AND RECOMMENDATION**

William Bolin, *Warden at MCF-Stillwater*;
Stephen Craane, *Medical Director for
Centurion*; Louis Shicker, *Medical Director
for Centurion*; Andrew Brosted, *Security
Officer at MCF-Stillwater*; Stephen Watt,
*Security Officer at MCF-Stillwater*;
Olarinde, *Associate Warden of Admin. at
MCF-Stillwater*; Mercedes Salas, *Captain at
MCF-Stillwater*; Eric Anderson, *Security
Sergeant at MCF-Stillwater*; Morrin
William, *Registered Nurse at
MCF-Stillwater*; Ben Petersen, *Registered
Nurse at MCF-Stillwater*; Christine
Oberembt, *Medical Record Staff at
MCF-STW*; and Paul Schnell, *Commissioner
of Corrections, each in their individual and
official capacities*; Kathy Reid, *in her
individual capacity*; and Alexandria Hart, *in
her official capacity*,

      Defendants.

Marc Amouri Bakambia, Lino Lakes, MN, *pro se*.

Kevin Jonassen, Minnesota Attorney General's Office, St. Paul, MN, for Defendants William Bolin, Stephen Watt, Olarinde, Mercedes Salas, Kathy Reid, Eric Anderson, Morrin William, Ben Petersen, Christine Oberembt, and Paul Schnell.

Anthony J. Novak, Larson King, LLP, St. Paul, MN, and Julia A. Lines, The Kinetic Group, Anoka, MN, for Defendants Stephen Craane and Louis Shicker.

In a Report and Recommendation dated January 27, 2026, Magistrate Judge Elsa M. Bullard recommended granting Defendants' motions to dismiss [ECF Nos. 35, 78], denying as moot Plaintiff's motion for a preliminary injunction [ECF No. 23], and dismissing the action. ECF No. 125. Because Plaintiff objected, ECF No. 130, the Report and Recommendation has been reviewed de novo. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). The objections will be overruled, and the Report and Recommendation will be accepted. This order presumes familiarity with the Report and Recommendation.

*Objections to Non-dispositive and Procedural Matters*

Mr. Bakambia objects that Judge Bullard abused her discretion by granting the Centurion Defendants leave to file a substitute memorandum in support of their motion to dismiss, after the Centurion Defendants mistakenly filed a memorandum for the wrong case. ECF No. 130 at 2–3; *see* ECF No. 125 at 3 n.2; ECF No. 106 (order granting leave). In Mr. Bakambia's view, there should have been a hearing to address the substitution issue, and the Centurion Defendants' explanation should not have been credited. ECF No. 130 at 3–4. Mr. Bakambia also objects that the Report and Recommendation failed to address his argument that the Centurion Defendants' motion inappropriately joined the DOC Defendants' motion, and that the Centurion Defendants' briefing inappropriately incorporated the factual background of the DOC Defendants' briefing. *Id.* at 5.

These are not objections to the "magistrate judge's disposition" of a dispositive motion that is entitled to de novo review. D. Minn. LR 72.2(b)(3). I construe these objections as appeals of a non-dispositive pretrial order, which is reversible only if the

2

order is clearly erroneous or contrary to law. *United States v. Banks*, No. 23-cr-307 (JRT/DTS), 2025 WL 2621753, at *8 (D. Minn. Sep. 11, 2025), *appeal dismissed*, 2025 WL 3483097 (Oct. 10, 2025). Given the "strong policy in favor of deciding a case on its merits," *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999), Judge Bullard did not err or abuse her discretion by granting leave to refile, denying Mr. Bakambia's request for a hearing, and crediting the Centurion Defendants' explanation for the mistake. As to the "joinder" issue, allowing defendants to join in their co-defendants' motion falls within a district court's discretion. *See United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949, 956 (8th Cir. 2017). Joining these motions consolidated and streamlined the issues, so it made good legal and practical sense; it was not an abuse of discretion. And there is nothing inappropriate about one defendant relying on the facts presented in a co-defendant's brief.

Mr. Bakambia objects that Judge Bullard abused her discretion by failing to convert the DOC Defendants' motion to dismiss into a motion for summary judgment. ECF No. 130 at 6. "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Judge Bullard correctly concluded that the DOC Defendants did not present matters outside the pleadings, ECF No. 125 at 27 n.12, and Mr. Bakambia does not identify any extra-pleading material in the briefing or the Report and Recommendation.

*Objections to Factual Findings and Legal Conclusions*

Mr. Bakambia objects that the Report and Recommendation omitted and misconstrued certain facts about Dr. Craane's conduct with respect to a neurosurgery follow-up. ECF No. 130 at 9. I have reviewed this material de novo and find no error in Judge Bullard's conclusions that the allegations "do not rise above a level of gross negligence and therefore cannot sustain a claim for deliberate indifference." ECF No. 125 at 37 (citing *Est. of Rosenberg ex rel. Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

Mr. Bakambia objects that the Report and Recommendation failed to consider or incorporate facts about DOC Defendants Reid and Oberembt, which he alleged in a different lawsuit but did not present in this complaint. ECF No. 130 at 9. Those facts were not within the scope of the Rule 12(b)(6) analysis, where a court accepts as true the allegations in the complaint. *See Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014).

Mr. Bakambia objects that the Report and Recommendation failed to recognize his established rights to certain prescribed medications, and that Dr. Craane violated those rights by delaying their delivery. ECF No. 130 at 10. Judge Bullard correctly concluded that the allegations and supporting materials did not show Dr. Craane was deliberately indifferent to Mr. Bakambia's serious medical needs. ECF No. 125 at 35 ("[T]he complaint includes no allegations that Dr. Craane deliberately failed to process the prescription even though he knew Mr. Bakambia had an urgent need for the pills. Indeed, the allegations in the complaint undercut this conspiratorial characterization—Dr. Craane stated that he did

4

not process the prescription on the 27th because he was waiting for the PA's transcribed notes from the appointment.").

Mr. Bakambia objects to the Report and Recommendation's description of Nurse William's conduct. ECF No. 130 at 11. Though this objection is not entirely clear, I understand him to mean that certain factual statements in the Report and Recommendation are wrong, and that Nurse William's actually-alleged conduct violated his rights. *See id.* I have reviewed this material de novo and find no error in Judge Bullard's conclusion that Mr. Bakambia failed to allege facts making it plausible that Nurse William was deliberately indifferent to his serious medical needs. ECF No. 125 at 40–41.

Mr. Bakambia objects to the Report and Recommendation's conclusion that the complaint failed to adequately plead Defendants Watt and Brosted were deliberately indifferent to Mr. Bakambia's serious medical needs. ECF No. 130 at 12. He argues Judge Bullard omitted the key fact that they failed to contact the watch commander, *id.*, but the Report and Recommendation included this allegation, ECF No. 125 at 44.

Mr. Bakambia objects that the Report and Recommendation failed to analyze the DOC Defendants' immunity arguments. ECF No. 130 at 11. This is a puzzling objection. Had the immunity argument been successful, it would be an additional reason to dismiss Mr. Bakambia's claims. If it were unsuccessful, the claims would remain dismissal-worthy for the reasons provided. In other words, prevailing on this objection would not get the complaint past Rule 12(b)(6). Judge Bullard did not err by declining to reach alternative grounds for dismissal. *See, e.g.*, *Scheffler v. Dohman*, No. 13-cv-106 (DWF/SER),

5

2013 WL 6179381, at *4 n.9 (D. Minn. Nov. 26, 2013), *aff'd*, 785 F.3d 1260 (8th Cir. 2015).

Mr. Bakambia objects to the recommendation that his First Amendment retaliation claim be dismissed. ECF No. 130 at 12. It is difficult to understand this objection. The claim in question is Count II, labeled "Retaliatory treatment for filing section 1983 claim and for filing grievances." ECF No. 1 at 33. Judge Bullard treated this cause of action as asserting First Amendment retaliation, though she distinguished the pleading from another suit Mr. Bakambia had filed, in which the alleged retaliation was disciplinary action. ECF No. 125 at 46 n.17. She nevertheless cited that case, *Bakambia v. Ghebre*, No. 24-cv-3653 (LMP/DJF), 2025 WL 2936880, at *10 (D. Minn. May 23, 2025), *R. & R. adopted*, 2025 WL 2528591 (D. Minn. Sep. 3, 2025), with the parenthetical "(analyzing same claim on similar facts)." ECF No. 125 at 47. Mr. Bakambia calls this "not sound judgment, because the First Amendment retaliation in *Ghebre* was also based on disciplinary issues." ECF No. 130 at 13. It could be he means that his claim should not have been construed as First Amendment retaliation. It could also be that he objects to citing *Ghebre* for having "similar facts" when that case involved discipline, and this case does not. Either way, there is no error here.

Mr. Bakambia objects to the recommendation that his state-law claims be dismissed; he says the court should exercise supplemental jurisdiction over them. ECF No. 130 at 13. He also objects that Judge Bullard failed to address the claims against DOC Defendant Captain Salas. *Id.* at 12. These objections are unconvincing. The Eighth Circuit has instructed district courts not to exercise supplemental jurisdiction over state-law claims

6

when, as here, all federal claims are dismissed well before trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). There is no reason to deviate from that rule here, where all that remains are state-law claims, and trial is a long way off. The only claims against Defendant Salas arose under Minnesota law, ECF No. 1 ¶¶ 136–41, so Judge Bullard did not err by declining to consider them.

Accordingly, based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS ORDERED THAT**:

1.      Plaintiff Marc Amouri Bakambia's objections [ECF No. 130] to the Report and Recommendation are **OVERRULED**.

2.      The Report and Recommendation [ECF No. 125] is **ACCEPTED**.

3.      The DOC Defendants' Motion to Dismiss [ECF No. 35] is **GRANTED**.

4.      The Centurion Defendants' Motion to Dismiss [ECF No. 78] is **GRANTED**.

5.      Plaintiff's Motion for Preliminary Injunction [ECF No. 23] is **DENIED** as moot.

6.      This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 9, 2026                          s/Eric C. Tostrud
                                             Eric C. Tostrud
                                             United States District Court

7